Strafford,
No. 5866.

### American Federation of State, County and Municipal Employees, AFL-CIO, Local #572

*v.*

### Dover.

Argued January 7, 1969.
Decided January 31, 1969.

*Armand Capistran* (by brief and orally), for the petitioner.

*Anthony McManus* (by brief and orally), for the defendant city of Dover.

*R. Peter Shapiro* (by brief and orally), for the city of Concord, *amicus curiae.*

Griffith, J. Petition for declaratory judgment and for an injunction submitted on an agreed statement of facts.

Plaintiff and defendant had entered into a collective bargaining agreement dated October 26, 1965. On May 29, 1968 the city manager of Dover ordered the reassignment of an employee of the public works department who was a member of the plaintiff union. Members of the plaintiff union refused to report to work because of the reassignment order. A petition for injunction directed against the work stoppage was filed in Superior Court by the city and on June 10, 1968 the matter was settled by agreement filed in court. The settlement provided for the return to work of the members of the union, and that pending determination of the reassigned employee's appeal provided for in the bargaining agreement he would be retained in his previous job.

The grievance procedure provided for in the agreement is set

forth in Article XIV the pertinent provisions of which read as follows: "Grievance Procedure: The purpose of the grievance procedure shall be to settle all grievances between the department and the Union on as low a level as practical and as quickly as possible so as to insure efficiency and promote employee's morale . . . . Employees may present individual or collective grievances to their Union, who, as a representative of these employees, may discuss the grievance with the immediate supervisor. If this is not satisfactory to the employee an appeal may be taken to the next highest authority. If this is not satisfactory to the employee, then an appeal may be taken to the Manager. If the grievance is not settled satisfactorily at the Manager level, it may be appealed to the Personnel Advisory Board."

Pursuant to the agreement settling the injunction suit the Union appealed to the personnel advisory board. The board held a public hearing on the appeal and then recommended to the city manager that the employee be reinstated in his previous job. The city manager refused to follow the recommendation of the personnel advisory board and this petition seeks an order to require him to do so. The Trial Court, (*Morris,* J.) transferred without ruling the following question: Is the personnel advisory board's letter recommending the reinstatement of Walter Riekart binding on the city manager?

The personnel advisory board was established by the Dover city charter. The charter provides for a council-manager form of government and the language of section 50 of the charter is that of RSA 49-A:74 (supp) authorizing council-manager forms of government:

Section 50 of the charter establishes a personnel advisory board with various advisory functions relating to the personnel policies of the city. It further provides that the board shall hear appeals from any employee aggrieved as to the status or condition of his employment. On such appeals the board shall issue written reports containing findings of facts and recommendations to the manager "but the board shall have no power to reinstate the employee unless it finds, after investigation, that disciplinary action was taken against the employee for religious, racial, or political reasons."

In construing the collective bargaining contract between the parties we are concerned with the intention of the parties at the time that it was made. *Griswold* v. *Heat Corporation,* 108 N. H.

119, 123. It follows that the final appeal provided for in Article XIV was to the personnel advisory board established under section 50 of the charter with powers defined by the charter and known to the parties at the time of the bargaining agreement. The parties actually submitted the grievance of the employee to the personnel advisory board and this common understanding of the parties is further evidence of the meaning of "Personnel Advisory Board" in the contract. *Bogosian* v. *Fine*, 99 N. H. 340, 342.

The grievance section of the contract provides for several appeals through the echelons of the department and while the appeal to the personnel advisory board is the final appeal there is no language attempting to enlarge their jurisdiction. In the absence of language in the contract purporting to make them final arbitrators of the grievance the fair meaning of the appeal to the personnel advisory board is that the board shall exercise the jurisdiction and authority they have under the charter. *Paisner* v. *Renaud*, 102 N. H. 27, 30.

The personnel advisory board acted within their charter authority. Their decision was not based upon any findings that the employee had been reassigned for "religious, racial, or political reasons" and so was limited to a recommendation that the employee be reinstated.

The plaintiff, having agreed to the unrestricted reference to the personnel advisory board as the final grievance appeal, cannot now enlarge the authority of that board. This procedure protects an employee from the religious, racial, or political bias of a city manager. In all other cases the employee successful before the board must rely upon the board's recommendation to persuade the city manager that he was in error. The city manager in this case was not bound to accept the board's recommendation and the answer to the transferred question is "no."

*Dismissed.*

GRIMES, J., did not sit; the others concurred.